Shante Bostic, pro per
Email only : hellfrozeforme@proton.me

FILED
JAN 23 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

99
IFP
NP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANTE BOSTIC**<br>Plaintiff,<br>vs.<br>**T-MOBILE USA, INC.; VERIZON COMMUNICATIONS INC.; APPLE INC.,** Defendant | Case No.: Number CV26.00742 LB<br>COMPLAINT COVER FOR UNLIMITED CIVIL DATA BREACH AND MINOR CHILD VIOLATONS |

January 22, 2026

Shante Bostic
Pro per

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

**SHANTE BOSTIC , Plaintiff,**

v.

**T-MOBILE USA, INC.; VERIZON COMMUNICATIONS INC.; APPLE INC.,**

**Defendants.**

**Case No.: ____________**

**COMPLAINT FOR:**

1. **Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030** (unauthorized access to protected computers)
2. **Violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq.** (unauthorized access to stored electronic communications)
3. **Violation of the Wiretap Act, 18 U.S.C. §§ 2510 et seq.** (interception and monitoring of electronic communications)
4. **Violation of 47 U.S.C. § 222** (carrier duty to protect customer proprietary network information)
5. **Violation of California Consumer Privacy Act CPRA** (Cal. Civ. Code § 1798.100 et seq.) (failure to implement reasonable security measures)
6. **Invasion of Privacy** (state common law and statutory claims)
7. **Negligence** (failure to secure accounts and prevent unauthorized access)
8. **Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing** (carrier and service agreements)
9. **Negligent and Intentional Infliction of Emotional Distress**
10. **Unfair Competition Law** (Cal. Bus. & Prof. Code § 17200 et seq.)

## DEMAND FOR JURY TRIAL

## I. Parties and Service Information

1. **Plaintiff** is an individual and resident of Oakland, California. Plaintiff appears pro se in this action. Plaintiff's contact information is: **email: hellfrozeforme@proton.me**
2. **Defendant T-Mobile USA, Inc.** is a Delaware corporation that provides wireless telecommunications services and customer account management. Principal corporate

address: 12920 SE 38th St, Bellevue, WA 98006. Service of process may be effected on T-Mobile at its registered agent: **Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.**

3. **Defendant Verizon Communications Inc.** is a New York corporation that provides wireless telecommunications services and customer account management. Principal corporate address: 1095 Avenue of the Americas, New York, NY 10036. Service of process may be effected on Verizon at its registered agent: **CT Corporation System, 28 Liberty Street, New York, NY 10005.**

4. **Defendant Apple Inc.** is a California corporation that provides devices, cloud services, and account management. Principal corporate address: One Apple Park Way, Cupertino, CA 95014. Service of process may be effected on Apple at its registered agent: **CT Corporation System, 818 W 7th St, Los Angeles, CA 90017.**

5. Plaintiff will effect service on each defendant at the registered agent addresses listed above and at corporate headquarters as appropriate.

## II. Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Computer Fraud and Abuse Act, the Stored Communications Act, and the Wiretap Act.

7. This Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

8. Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district and Plaintiff resides in this district.

## III. Short Statement of Claim

9. Plaintiff brings this action against Defendants for failing to secure Plaintiff's telecommunications and device accounts, for permitting and failing to prevent unauthorized access and SIM-swap attacks, for failing to preserve and produce account logs after notice, and for conduct that resulted in financial loss, invasion of privacy, and risk to the health and safety of Plaintiff's minor child who relies on Bluetooth-enabled medical devices. Plaintiff seeks injunctive relief, compensatory and statutory damages, punitive damages, and costs.

## IV. Numbered Factual Allegations

### Background and Overview

10. On or about **September 13, 2024**, Plaintiff suffered a workplace injury and thereafter engaged in an appeal process of a Workers' Compensation claim.

11. Beginning in late 2024 and continuing through the present, unknown actors obtained unauthorized access to Plaintiff's wireless accounts, email accounts, Apple accounts, and other online services. Plaintiff alleges that Defendants failed to prevent, detect, or remediate that unauthorized access despite repeated notice and requests for assistance.

12. Plaintiff reasonably believes the unauthorized access and monitoring are connected to Plaintiff's Workers' Compensation appeal and that the accessors used SIM-swap and account takeover techniques to gain control of Plaintiff's phone numbers and accounts.

**T-Mobile Specific Allegations**

13. Plaintiff used the phone number **510-285-7300** for over 15 years. That number was subject to a SIM-swap and unauthorized control.

14. In or about **October 2024**, Plaintiff discovered multiple and duplicate charges on the T-Mobile account and, at times, paid the same bill up to three times in a month to attempt to maintain service.

15. Plaintiff disputed the charges with T-Mobile and informed T-Mobile of financial hardship following the work injury. T-Mobile placed Plaintiff's account on hold and later deactivated service despite Plaintiff providing bank statements and other documentation showing payments and no returned transactions.

16. Bank of America confirmed to Plaintiff that there were no returned transactions from T-Mobile and that multiple payments had cleared.

17. Despite proof of payment and Plaintiff's hardship, T-Mobile repeatedly deactivated service, required in-store payments, and assessed disconnection and interruption fees even when service was not disconnected or when payment had been made prior to any disconnection.

18. In late November 2024, Plaintiff paid approximately $1,200 to restore services; service was turned off again the following day.

19. T-Mobile set up automatic payments on Plaintiff's account without Plaintiff's authorization and attempted automatic withdrawals before the due date. Plaintiff was repeatedly prevented from using online or bank payment methods and was forced to make in-store payments.

20. Plaintiff discovered that an old phone number belonging to Plaintiff's daughter, **510-838-5078**, remained attached to Plaintiff's account despite Plaintiff's requests to remove it. Plaintiff repeatedly notified T-Mobile that Plaintiff's identity had been stolen and that the account had been taken over, but T-Mobile failed to secure the account or remove unauthorized users.

21. By November 2025, Plaintiff allowed the phone service to be disconnected because T-Mobile failed to secure the account and continued to charge fees and refuse to remove unauthorized numbers.

**Apple and Medical Device Allegations**

22. Plaintiff's Apple accounts and devices were linked or otherwise affected in ways that disrupted medical device connectivity for Plaintiff's minor child, who is a Type 1 diabetic and relies on Bluetooth-enabled medical devices.

23. On one occasion, resetting Plaintiff's Apple account caused the child's medical device connectivity to fail, leaving Plaintiff and child without necessary device support and creating a risk to the child's health.

24. Plaintiff alleges that Defendants' failures to secure accounts and to authenticate account changes contributed to the disruption of medical device connectivity.

**General Allegations Regarding Preservation and Notice**

25. Plaintiff reported identity theft and account takeover to local law enforcement and to the FBI and requested protective orders in the Workers' Compensation proceedings; Plaintiff received no effective relief.

26. Plaintiff repeatedly requested that Defendants preserve logs, records, and account activity; Defendants failed to preserve or produce adequate records in response to Plaintiff's requests.

27. Plaintiff reasonably believes that Defendants' failures to secure accounts, to authenticate account changes, to detect and prevent SIM-swap attacks, and to preserve and produce logs have allowed ongoing monitoring, unauthorized access, and harm to Plaintiff and Plaintiff's minor child.

**Injury and Damages**

28. As a direct and proximate result of the foregoing, Plaintiff has suffered: (a) loss of privacy and unauthorized monitoring of communications; (b) financial loss from fraudulent charges, forced payments, and fees; (c) emotional distress, anxiety, and fear for personal safety and the safety of Plaintiff's minor child; (d) disruption of medical device connectivity and risk to the child's health; and (e) costs of mitigation, including time spent resolving account issues, travel to stores, and communications with law enforcement and carriers.

## V. Causes of Action

### Count 1 Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030

29. Plaintiff realleges and incorporates by reference paragraphs 1–28.

30. Defendants and/or third parties acting with Defendants' negligence or willful failure to secure systems accessed Plaintiff's protected computers and electronic accounts without authorization, causing loss and damage as defined by the CFAA. Plaintiff seeks remedies available under the CFAA, including compensatory damages, injunctive relief, and costs.

**Count 2 Violation of the Stored Communications Act 18 U.S.C. § 2701 et seq.**

31. Plaintiff realleges and incorporates by reference paragraphs 1–30.

32. Defendants unlawfully accessed, disclosed, or failed to protect stored electronic communications and account contents, in violation of the SCA. Plaintiff seeks statutory and actual damages, injunctive relief, and attorney's fees.

**Count 3 Violation of the Wiretap Act 18 U.S.C. §§ 2510 et seq.**

33. Plaintiff realleges and incorporates by reference paragraphs 1–32.

34. Defendants' failures and the unauthorized account access resulted in interception and monitoring of Plaintiff's electronic communications in violation of the Wiretap Act. Plaintiff seeks statutory damages and injunctive relief.

**Count 4 Violation of 47 U.S.C. § 222**

35. Plaintiff realleges and incorporates by reference paragraphs 1–34.

36. Defendants, as carriers, owed duties to protect customer proprietary network information and to prevent unauthorized disclosure and access. Defendants breached those duties, causing harm to Plaintiff.

**Count 5 California Consumer Privacy Act CPRA Cal. Civ. Code § 1798.100 et seq.**

37. Plaintiff realleges and incorporates by reference paragraphs 1–36.

38. Defendants collected, stored, and processed Plaintiff's personal information and failed to implement reasonable security measures and to honor privacy obligations under California law, causing statutory and actual damages.

**Count 6 Invasion of Privacy**

39. Plaintiff realleges and incorporates by reference paragraphs 1–38.

40. Defendants' conduct invaded Plaintiff's privacy by permitting unauthorized access, monitoring, and disclosure of private communications and account information.

**Count 7 Negligence**

41. Plaintiff realleges and incorporates by reference paragraphs 1–40.

42. Defendants owed Plaintiff a duty to exercise reasonable care in securing accounts, authenticating account changes, and preventing unauthorized access. Defendants breached that duty and caused Plaintiff's injuries.

**Count 8 Breach of Contract and Breach of Implied Covenant**

43. Plaintiff realleges and incorporates by reference paragraphs 1–42.

44. Plaintiff had contractual relationships with Defendants for telecommunications and device/account services. Defendants breached express and implied contractual obligations to provide secure service and to act in good faith.

**Count 9 Negligent and Intentional Infliction of Emotional Distress**

45. Plaintiff realleges and incorporates by reference paragraphs 1–44.

46. Defendants' conduct was negligent and/or intentional, extreme and outrageous, and caused severe emotional distress to Plaintiff.

**Count 10 Unfair Competition Law Cal. Bus. & Prof. Code § 17200 et seq.**

47. Plaintiff realleges and incorporates by reference paragraphs 1–46.

48. Defendants engaged in unlawful, unfair, and fraudulent business practices by failing to secure accounts, misrepresenting account status, and charging improper fees.

**VI. Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and grant the following relief:

A. **Preliminary and permanent injunctive relief** ordering Defendants to:

1. Immediately lock and secure Plaintiff's accounts and implement transfer/port freeze and SIM-swap protections;
2. Preserve all logs, records, call detail records, authentication records, account change histories, and related data from the date of Plaintiff's first notice to present;
3. Produce forensic copies of relevant logs and records and permit expedited discovery into account access and authentication events.

B. **Compensatory damages** in an amount to be proven at trial for financial losses, emotional distress, and other harms. C. **Statutory damages** where available under federal and state statutes. D. **Punitive and exemplary damages** for willful, malicious, or reckless conduct. E.

**Restitution and disgorgement** of any improper charges, fees, or profits. F. **Costs and attorneys' fees** to the extent permitted by law. G. **Pre- and post-judgment interest** as allowed by law. H. **Such other and further relief** as the Court deems just and proper.

## VII. Preservation and Expedited Relief Request

49. Plaintiff requests that the Court issue an immediate **Preservation Order** and **Order for Expedited Discovery** directing Defendants to preserve and produce: (a) all account access logs; (b) SIM-swap and porting request records; (c) authentication and identity verification records; (d) billing and payment histories; (e) internal communications regarding Plaintiff's accounts; and (f) any records of third-party access or administrative changes.

50. Plaintiff requests expedited discovery and, if appropriate, a temporary restraining order to prevent further unauthorized transfers, SIM-swaps, or account changes that would cause irreparable harm to Plaintiff and Plaintiff's minor child.

## VIII. Exhibits

Plaintiff attaches and will file the following exhibits in support of this Complaint:

- **Exhibit A:** T-Mobile billing statements and payment records (selected months showing duplicate payments).
- **Exhibit B:** Bank of America statements confirming payments and absence of returned transactions.
- **Exhibit C:** Correspondence with T-Mobile, Verizon, and Apple (emails, chat transcripts, store receipts).

- **Exhibit D:** Police report and FBI complaint documentation.
- **Exhibit E:** Medical device logs and documentation showing device connectivity disruption for Plaintiff's minor child.
- **Exhibit F:** Screenshots and account records showing unauthorized account changes and attached phone numbers.

## IX. Jury Demand

51. Plaintiff demands a trial by jury on all claims so triable.

## X. Signature and Certificate of Service

**Dated:** January 22, 2026

**Respectfully submitted,**

**SHANTE BOSTIC** Pro Se Plaintiff EMAIL: hellfrozeforme@proton.me Oakland, CA No Phone: Due to extreme security issues, there isn't a phone contact at this time. Plantiff request all hearings in person and will check in person only for status updates. Email only accepted through hellfrozeforme@proton.me . Any other email isn't secure.

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I will serve a copy of this Complaint and all accompanying documents on Defendants' registered agents and counsel in accordance with the Federal Rules of Civil Procedure.

**Dated:** January 22, 2026

**SHANTE BOSTIC**

01/23/2026

EXHIBIT G — ADDENDUM

I, SHANTE BOSTIC, declare under penalty of perjury under the laws of the United States and the State of California that the following is true and correct:

1. Unauthorized iDrive Entry. A hidden Apple iCloud Drive directory appeared in my account containing sensitive legal and medical documents I did not upload.

2. Metadata Identifies Adverse Party. File metadata lists LFields4 as Author/Last Modified By; that identifier corresponds to Lauren Fields, Travelers Insurance adjuster.

3. Third-Party Access by Defense Counsel. Metadata shows the file was transmitted to and accessed by Lawrence S. of Laughlin, Falbo, Levy & Moresi.

4. Method of Intrusion. The file's presence in my private iCloud, without my upload, indicates an unauthorized account takeover consistent with SIM-swap activity and failures in carrier and Apple security.

5. Repeated Notice and Continued Breaches. I notified Verizon, T-Mobile, and Apple and provided police, FBI, DA, and DOJ contacts and records; despite notice, intrusions continued.

6. Verizon Failures. After leaving T-Mobile, Verizon failed to provide an account number, sent a late bill with no postmark, refused assistance, and a San Leandro supervisor responded abusively.

7. Ongoing Control of Phone Number. Unauthorized parties continue to control my phone number and linked accounts, preventing account recovery and communications.

8. Mail Interference and Missing Documents. Critical mail (benefits, payments, bank cards) has gone missing or arrived without tracking/postmark, disproportionately harming my workers' compensation interests.

9. Employment and Financial Harm. Account lockouts and identity theft caused missed work, lost promotions, lost wages, replacement device costs, and difficulty providing for my child with Type 1 diabetes.

10. Administrative and Litigation Irregularities. EDD AWW errors, postponed hearings, an unauthorized class action filed in my name, and employer admissions at a DSLE hearing are part of the record; I filed declarations and alerted courts.

11. Compromised Retail Devices and Social Media Lockouts. Multiple phones purchased from national retailers were compromised shortly after activation; unauthorized control has locked me out of social media and other accounts.

12. Legal Connections and Evidence. The facts above connect to claims for negligence, breach of contract and covenant of good faith, violations of federal computer/privacy statutes (including CFAA and SCA), invasion of privacy, conversion/unjust enrichment, and consumer-protection violations. Evidence: file metadata, preserved screenshots (including the Workers' Compensation screenshot showing defense/insurance identifiers in my iDrive), SIM-change indicators, account/billing records, and contemporaneous notices to defendants and law enforcement.

13. Relief and Preservation Requested. I request injunctive relief, forensic preservation and imaging, expedited discovery, production of account and SIM logs, and preservation of all relevant communications and metadata. I reserve the right to supplement this addendum.

Dated: January 23, 2026

Signature:__________________________

SHANTE BOSTIC, Plaintiff Pro Se